Matter of Peter LL. v Charles KK. (2019 NY Slip Op 04260)





Matter of Peter LL. v Charles KK.


2019 NY Slip Op 04260


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

528405

[*1]In the Matter of PETER LL., Respondent,
v
CHARLES KK., Respondent, and JILLIAN KK., Appellant.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Donnellan & Knussman, PLLC, Ballston Spa (Sarah I. Wood of counsel), for appellant.
Katrin E. Falco, Clifton Park, for Peter LL., respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the child.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered January 28, 2019, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Jennifer KK. (hereinafter the mother), the mother of the subject child (born in 2012), died on September 16, 2018. At the time of the mother's death, the child resided with the mother and respondent Jillian KK. (hereinafter the sister), the child's half sister. The mother married respondent Charles KK. (hereinafter the husband) in 2000 and, although the child was born during their marriage, the mother and the husband had been living separate and apart since approximately 2003. From approximately 2003 or 2004 through 2015, the mother was involved in an intimate relationship with petitioner. In 2015, following petitioner's conviction for assault in the third degree stemming from a domestic incident with the mother, she obtained a "refrain from" order of protection against petitioner in favor of both her and the child [FN1]. Later that same year, petitioner moved to California, where he presently resides.
Two days after the mother's death, on September 18, 2018, the husband filed a petition seeking custody of the child, naming only the mother as a respondent. In October 2018, petitioner filed two petitions, one seeking an order of filiation declaring him to be the child's [*2]father and the other seeking sole legal and physical custody of the child [FN2]. On October 30, 2018, Family Court dismissed the husband's petition and ordered petitioner and the child to undergo genetic marker testing to determine paternity. In November 2018, the attorney for the child moved for an order directing a forensic psychological evaluation of the parties and the child. On January 4, 2019, petitioner cross-moved for summary judgment on his petitions. On January 10, 2019, the sister filed a petition seeking custody of the child and submitted an affirmation in opposition to petitioner's cross motion and in support of the attorney for the child's motion for psychological evaluations. At a court appearance the following day, January 11, 2019, Family Court declined to consider the sister's custody petition or her affirmation in opposition to petitioner's cross motion, based on the fact that her submissions had not yet been administratively processed by the court, and granted petitioner's custody petition without a hearing [FN3]. The court also issued an order of filiation declaring petitioner to be the child's father [FN4]. On January 17, 2019, Family Court sua sponte dismissed the sister's custody petition, without a hearing. The sister appeals from Family Court's January 28, 2019 order granting petitioner custody of the child.[FN5]
We note that this Court has pending before it two additional appeals involving the same child; namely, the husband's appeal from Family Court's October 30, 2018 order dismissing his custody petition (appeal No. 528512) and the sister's appeal from Family Court's January 17, 2019 order dismissing her custody petition (appeal No. 528513). Although these appeals have yet to be perfected, all three involve the same child and present intertwined factual and legal issues that we find should be decided together. Accordingly, we withhold decision on the instant matter and direct that appeal Nos. 528512 and 528513 be set down for a term of this Court to be heard together on August 22, 2019, with the following briefing schedule: appellants shall file and serve their respective records of appeal and briefs on or before June 26, 2019; the briefs of respondents and the attorney for the child shall be filed and served on or before July 17, 2019; and appellants' reply briefs, if any, shall be filed and served on or before July 31, 2019.
Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is withheld, all parties are directed to perfect and file briefs in appeal Nos. 528512 and 528513 in accordance with this Court's decision, and the terms and conditions of this Court's motion decision granting a stay, dated February 15, 2019, shall remain in full force and effect until further order of this Court.



Footnotes

Footnote 1: It was alleged that petitioner shoved the mother down a flight of stairs while she was holding the child. The subject order of protection is scheduled to expire in March 2020.

Footnote 2: On October 22, 2018, petitioner filed an amended paternity petition, naming only the husband and the mother as respondents.

Footnote 3: A written order to that effect was subsequently entered on January 28, 2019.

Footnote 4: Petitioner attached a genetic marker testing report to his motion for summary judgment that indicated a 99.99% probability that he was the child's biological father.

Footnote 5: This Court granted the sister's subsequent motion for a stay pending appeal (2019 NY Slip Op 63807[U]).